IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **THE COMPLIANCE SOURCE, INC., and DIGITAL DOCS, INC.**, | § § § § | |
| Plaintiffs, | § § | |
| v. | § | Civil Action No. **3:06-CV-1057-L** |
| **GREENPOINT MORTGAGE FUNDING, INC.**, | § § § § | |
| Defendant. | § § | |
| **GREENPOINT MORTGAGE FUNDING, INC.**, | § § § § | |
| Counterclaim Plaintiff, | § § | |
| v. | § § | |
| **THE COMPLIANCE SOURCE, INC.** and **DIGITAL DOCS, INC.**, | § § § | |
| Counterclaim Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Greenpoint Mortgage Funding, Inc.'s Rule 12(b)(6) Motion to Dismiss Certain Claims of Plaintiffs' Third Amended Complaint, filed July 21, 2008. After carefully considering the motion, briefs, record, and applicable law, the court **denies** Greenpoint Mortgage Funding, Inc.'s Rule 12(b)(6) Motion to Dismiss Certain Claims of Plaintiffs' Third Amended Complaint.

**Memorandum Opinion and Order – Page 1**

I.      **Factual and Procedural Background**

Plaintiffs, the Compliance Source, Inc. ("Compliance Source") and Digital Docs, Inc. ("Digital Docs"), filed their original complaint on June 14, 2006. They brought claims of copyright infringement, misappropriation of trade secrets and confidential information, violation of the Lanham Act/unfair competition, conversion, and breach of contract against Defendant Greenpoint Mortgage Funding, Inc. ("Greenpoint"). On July 3, 2006, Plaintiffs amended their complaint, adding claims for common law misappropriation and negligence. They also added additional allegations to their breach of contract claim, detailing alleged breaches of a Software Development and Licensing Agreement.

On July 31, 2006, Greenpoint answered, brought counterclaims against Plaintiffs, and asserted third-party claims against Noe Nava ("Nava"), Josh Sharpe ("Sharpe"), and John Does 1-5. Greenpoint brought claims of illegal access to electronic communication service/storage in violation of 18 U.S.C. §§ 2701(a)(1) and 2701(a)(2) against Plaintiffs, Nava, Sharpe, and the John Does. Plaintiffs and Defendant amended their pleadings on June 22, 2007. Plaintiffs added additional factual allegations it had learned during discovery. Defendant named additional Third-Party Defendants, Lori Stacy, Rene Flores, and Chris Peirson.

On February 25, 2008, the parties filed their Agreed Stipulation of Dismissal with Prejudice. At the time the notice was filed, Plaintiffs had sought leave to file their third amended complaint. The parties stated that they had reached a settlement and dismissed

> all claims in the [proposed] Third Amended Complaint save and except the claim described in section F thereof entitled "Greenpoint Sublicenses Plaintiffs' IP to Plaintiffs' Competitor in Violation of the Licensing Agreement," more particularly described in paragraphs 52-55 thereof together with the specifically related allegations in paragraphs 84-86, 87(k), and 99 (Count I), Count VI (limited to

>>breach of contract), and the associated requests for relief to the extent recoverable at law or at equity in connection with unauthorized sublicensing (the "Sublicensing Claim").

Agreed Stip. (doc. 178) 2.

On June 2, 2008, the magistrate judge ruled on several motions, including Plaintiffs' motion to amend their complaint. In that order, he stated: "the issue before the court is whether Plaintiffs should be allowed to amend their complaint to add the sublicensing claim." Order (doc. 182) 3. The court found that there was good cause to grant Plaintiffs' motion and granted the motion, finding that "leave to amend to add the sublicensing claim should be granted." *Id*. at 7. The magistrate judge ordered Plaintiffs to file their amended complaint within ten days of the order. *Id*. at 9. Plaintiffs filed their Third Amended Complaint on June 11, 2008.

## II.    Legal Standard

To defeat a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm*

**Memorandum Opinion and Order – Page 3**

*Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

**III.   Analysis**

Defendant moves to dismiss certain allegations in Plaintiffs' Third Amended Complaint ("Complaint") and argues that these allegations were either dismissed pursuant to the parties' settlement agreement or are entirely new claims that were not included in the proposed pleading filed with Plaintiffs' motion for leave to amend ("Proposed Complaint") (doc. 105-1). Specifically,

**Memorandum Opinion and Order – Page 4**

Defendant takes issue with subsections (c), (d), (e), and (f) of paragraph 58. Greenpoint argues that subsections (c), (d), and (e) of paragraph 58 of the Complaint are the same claims set forth in subsections (d), (e), and (f) of paragraph 83 of the Proposed Complaint. Defendant contends that these claims have therefore been settled and dismissed. It also argues that paragraph 58(f) raises a claim that was never before raised and that Plaintiffs did not have leave to add.

Plaintiffs respond that Defendant's motion is procedurally improper because it relies on extrinsic documents, and that if the court considers them, it should convert this motion to a motion for summary judgment. It also argues that it only amended to add claims that were expressly carved out by the settlement agreement and the court's order granting leave to amend.

The court agrees with Plaintiffs that considering whether the amended claims are barred by the settlement agreement is an improper inquiry on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because it requires the consideration of extrinsic evidence to determine whether Defendant's affirmative defense will succeed. Though Defendant did not expressly move on this ground, the court construes its motion as disputing whether Plaintiffs had leave to amend to add the claims set forth in subsections (c), (d), (e), and (f) of paragraph 58 of the Complaint. The court has reviewed the parties' briefs, the magistrate judge's order, the Complaint, the Proposed Complaint, the record, and applicable law.

While some of the words used by Plaintiffs in their amended complaint are identical to words used in claims that were dismissed, Defendant's position elevates form over substance. Plaintiffs' amended pleading includes a single claim for breach of contract based on the sublicensing, and subsections (c), (d), and (e) of paragraph 58 are narrowly defined; these alleged breaches of contract are limited to "Defendant's provision of Plaintiffs' [intellectual property] to [McGlinchey Stafford

**Memorandum Opinion and Order – Page 5**

and Youngblood & Bendalin LLP ("MSYB"); McGlinchey Stafford PLLC ("MSP"); Ronald Bendalin; and other agents of MSYB and MSP (collectively, "MS")]." Compl. ¶ 58. The court determines that these subsections, as well as subsection (f), allege additional bases for the breach of contract claim and fall within the Sublicensing Claim, as defined by the magistrate judge. Defendants argue for a very narrow interpretation of the term "Sublicensing Claim," but the term itself is not limited to the delineated paragraphs set forth in the Proposed Complaint. The term, used by the parties and the magistrate judge, includes those delineated paragraphs as well as "associated requests for relief to the extent recoverable at law or at equity in connection with unauthorized sublicensing." It cannot be disputed that Plaintiffs expanded their pleading of the sublicensing claim, but the court finds that this expansion falls within the leave granted by the magistrate judge. Defendant never objected to or appealed the magistrate judge's ruling on this issue. Accordingly, the court determines that Plaintiffs did not exceed the scope of the leave granted by the court. Because the court will not convert this motion to a motion for summary judgment, it does not reach the issue of whether these claims are barred by the parties' settlement.

## IV.  Conclusion

For the reasons stated herein, the court **denies** Greenpoint Mortgage Funding, Inc.'s Rule 12(b)(6) Motion to Dismiss Certain Claims of Plaintiffs' Third Amended Complaint.

**It is so ordered** this 27th day of March, 2009.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge