IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **THE COMPLIANCE SOURCE, INC., and DIGITAL DOCS, INC**., | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. **3:06-CV-1057-L** |
| **GREENPOINT MORTGAGE FUNDING, INC**., | § | |
| Defendant. | § | |
| **GREENPOINT MORTGAGE FUNDING**, **INC**., | § | |
| Counterclaim Plaintiff, | § | |
| v. | § | |
| **THE COMPLIANCE SOURCE, INC**. and **DIGITAL DOCS, INC**., | § | |
| Counterclaim Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are: (1) Plaintiffs' Motion for Partial Summary Judgment, filed March 27, 2009; (2) Plaintiffs' Motion for Partial Summary Judgment of Greenpoint's Rule 11 Counterclaim, filed April 3, 2009; (3) Greenpoint Mortgage Funding, Inc.'s Motion for Summary Judgment on Plaintiffs' Claims and for Partial Summary Judgment on Defendant's Counterclaim, filed April 3, 2009; and (4) GreenPoint's Unopposed Motion for Extension of Time to Respond to Plaintiffs' Motion for Leave to File a Fourth Amended Complaint, filed June 8, 2009. After carefully considering the motions, briefs, record, and applicable law, the court **denies** Plaintiffs' Motion for

Partial Summary Judgment; **grants** Plaintiffs' Motion for Partial Summary Judgment of Greenpoint's Rule 11 Counterclaim; **grants in part** and **denies in part** Greenpoint Mortgage Funding, Inc.'s Motion for Summary Judgment on Plaintiffs' Claims and for Partial Summary Judgment on Defendant's Counterclaim; and **denies as moot** GreenPoint's Unopposed Motion for Extension of Time to Respond to Plaintiffs' Motion for Leave to File a Fourth Amended Complaint.

## I. Factual and Procedural Background

Plaintiffs, the Compliance Source, Inc. ("Compliance Source") and Digital Docs, Inc. ("Digital Docs"), filed their original complaint on June 14, 2006. They brought claims of copyright infringement, misappropriation of trade secrets and confidential information, violation of the Lanham Act/unfair competition, conversion, and breach of contract against Defendant Greenpoint Mortgage Funding, Inc. ("Greenpoint"). On July 3, 2006, Plaintiffs amended their complaint, adding claims for common law misappropriation and negligence. They also added additional allegations to their breach of contract claim, detailing alleged breaches of a Software Development and Licensing Agreement.

On July 31, 2006, Greenpoint answered, brought counterclaims against Plaintiffs, and asserted third-party claims against Noe Nava ("Nava"), Josh Sharpe ("Sharpe"), and John Does 1-5. Greenpoint brought claims of illegal access to electronic communication service/storage in violation of 18 U.S.C. §§ 2701(a)(1) and 2701(a)(2) against Plaintiffs, Nava, Sharpe, and the John Does. Plaintiffs and Defendant amended their pleadings on June 22, 2007. Plaintiffs added additional factual allegations it had learned during discovery. Defendant named additional Third-Party Defendants, Lori Stacy, Rene Flores, and Chris Peirson.

On February 25, 2008, the parties filed their Agreed Stipulation of Dismissal with Prejudice. At the time the notice was filed, Plaintiffs had sought leave to file their third amended complaint. The parties stated that they had reached a settlement and dismissed the following claims:

> all claims in the [proposed] Third Amended Complaint save and except the claim described in section F thereof entitled "Greenpoint Sublicenses Plaintiffs' IP to Plaintiffs' Competitor in Violation of the Licensing Agreement," more particularly described in paragraphs 52-55 thereof together with the specifically related allegations in paragraphs 84-86, 87(k), and 99 (Count I), Count VI (limited to breach of contract), and the associated requests for relief to the extent recoverable at law or at equity in connection with unauthorized sublicensing (the "Sublicensing Claim").

Agreed Stip. (doc. 178) 2. The magistrate judge granted Plaintiffs leave to amend, and they filed their Third Amended Complaint on June 11, 2008. In this, the live pleading, Plaintiffs assert a claim for breach of contract against Defendant Greenpoint. On July 7, 2008, Greenpoint answered and filed counterclaims for breach of settlement agreement and violation of Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927.

Defendant moved to dismiss the claims in Plaintiffs' Third Amended Complaint, arguing that they were released by the parties' settlement agreement. The court did not consider that argument, finding that consideration of the settlement agreement was improper when ruling on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court did find, however, that Plaintiffs' amendment was consistent with the leave granted by the magistrate judge.

## II. Legal Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909,

915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## III. Analysis

The parties have filed cross-motions for partial summary judgment on Plaintiffs' breach of contract claim and Defendant's counterclaims. The court first considers Plaintiffs' breach of contract claim, and then considers Defendant's counterclaims.

### A. Plaintiffs' Breach of Contract Claim

Plaintiffs have asserted a claim for breach of contract based upon Defendant's alleged violation of the September 11, 2002 Licensing Agreement for Electronic Document Services and Software Development Agreement between Compliance Source, Inc., Digital Docs, Inc., and GreenPoint Mortgage Funding, Inc. (the "Licensing Agreement"). The Licensing Agreement provided a license for Defendant to use Plaintiffs' intellectual property. The parties do not appear to dispute that certain third parties used the intellectual property, including McGlinchey Stafford and Youngblood & Bendalin LLP ("MSYB"), McGlinchey Stafford PLLC ("MSP"), Ronald Bendalin ("Bendalin"), and other agents of MSYB and MSP (collectively, "MS"). Plaintiffs contend that this use violated the Licensing Agreement; Defendant argues that any use by MS was permitted under the Licensing Agreement because MS used the intellectual property for Defendant's benefit.

The Licensing Agreement includes two paragraphs that describe the grant of license for "Use of Forms" and for "Use of Software":

> Section A. **Grant of License for Use of Forms**. In consideration for [GreenPoint's] payment of the fees referred to herein, Compliance Source hereby grants to [GreenPoint], and [GreenPoint] accepts, a non-exclusive, non-transferable, annual renewable license to use Compliance Source's proprietary electronic files containing computer coded images of the Standard Forms, Modified Standard Forms and Custom Forms developed by Compliance Source and access to the Form Database described herein in strict accordance with the various terms and conditions of this Agreement. Compliance Source understands and agrees that [GreenPoint's] Originating Lenders will have access to use the Closing Documents for loans which [GreenPoint] is purchasing and to Disclosure Documents and Closing Documents for loans closing the name of [GreenPoint] through a customized link on [GreenPoint's] website and hereby consents to this agreement between [GreenPoint] and its Originating Lenders. Except as specifically provided in this Agreement, [Compliance Source and Digital Docs] have not granted, and [GreenPoint] has not received, a license or any other right to copy, make, use, have made, sell, support or sub-license the Form Database, or any part thereof.
>
> Section B. **Grant of License for Use of Software**. Digital Docs hereby grants to [GreenPoint] and [GreenPoint] hereby accepts from Digital Docs a non-transferable, non-exclusive license (the "Software License") to use the Software Products in a Production Environment at the Customer Site Locations, all in strict accordance with the various terms and conditions of this Agreement. Except as specifically provided in this Agreement, Digital Docs has not granted, and [GreenPoint] has not received, a license or any other right to copy, make, use, have made, sell, support or sub-license the Software Products, or any part thereof. [GreenPoint] may only use the Software Products for itself. [GreenPoint] may not sub-license the Software Products to third parties.

App. of Summ. J. Evid. in Supp. of Pls.' Mot. for Partial Summ. J. 20.

Plaintiffs argue that the Licensing Agreement prohibited Defendant from providing third parties with access to or use of their intellectual property unless specifically authorized. They

contend that the court must narrowly construe the terms of the contract and that the Licensing Agreement must be read to prohibit any use other than use that is explicitly authorized. Reading the Licensing Agreement narrowly, Plaintiffs argue that it prohibits access to or use of their intellectual property by third parties.

Defendant contends that MSYB's use of the intellectual property was within the scope of its license because it did not grant a sublicense to MSYB for use of the intellectual property, and any other breach of contract claim has been settled. Defendant further argues that Plaintiffs ask the court to restrict the Licensing Agreement in contravention of federal copyright policy. It also argues that MSYB's use of the intellectual property was not a transfer of a sublicense because MSYB was a third-party contractor acting on behalf of GreenPoint.

Plaintiffs rely on *Beckman Instruments, Inc. v. Cincom Sys. Inc.*, 2000 WL 1023224 (9th Cir. 1989), and argue that copyright licenses must be construed to prohibit any use not expressly authorized. In that case, the Ninth Circuit held that although the licensee was permitted to use certain software, it was not entitled "to authorize others to copy the software, even on its behalf." *Id*. (citation omitted). Plaintiffs contend that they only granted a specific nontransferable right to Defendant and otherwise reserved all rights and privileges related to their intellectual property. Plaintiffs also point to several additional provisions of the Licensing Agreement that it contends restrict the use or access of its intellectual property to third parties. They also argue that the Licensing Agreement carved out certain right for third parties, giving Originating Lenders a limited right to access and use documents within the Form Database on Defendant's behalf.

Defendant does not dispute the statement of law that intellectual property rights not expressly licensed are reserved to the licensor. It argues, however, that any use by MS was done as an agent or independent contractor of GreenPoint and therefore does not violate the Licensing Agreement.

Defendant contends that *Beckman* and *S.O.S., Inc. v. Payday Inc.*, 886 F.2d 1081 (5th Cir. 1989), which Plaintiffs also rely upon, are distinguishable from the instant case. It argues that in *S.O.S.*, the court held that the licensee did not have the right to make copies of the software or to modify it. It also argues that *Beckman* is distinguishable because in that case the licensee sold a disk that contained the software to a third party, and that it allowed the third party to copy, make back-up copies, and run the software at issue.

Defendant argues that the Licensing Agreement did not include any express restrictions as to whom could assist it in carrying out the licensed activities and that Plaintiffs' interpretation of the agreement restricts the rights Defendant was granted. It also cites a number of cases from various circuits that a licensor cannot take later actions to take back what was licensed. Defendant contends that it had at least an implied license to allow MS to carry out acts on its behalf within the scope of the license.

GreenPoint also argues that a licensed party may use a third party to perform acts that the licensee would be authorized to do unless such acts are specifically prohibited. Among these cases are *Geoscan, Inc. of Texas v. Geotrace Techs., Inc.*, 226 F.3d 387 (5th Cir. 2000), and *Hogan Sys., Inc. v. Cybresource Int'l, Inc.*, 1997 WL 311526, *4, *aff'd*, 158 F.3d 318 (5th Cir. 1998). GreenPoint argues that these cases hold that the use of intellectual property by a third party is not a transfer of any intellectual property right and is not a sublicense. It contends that MS only used Plaintiffs' intellectual property for GreenPoint's benefit and that there is no evidence that MS

received any fees for anything but the preparation and review of document packages created for Defendant's customers.

The court has carefully reviewed the parties' arguments and cited cases, and it determines that in this circuit, use of the software by a third party on behalf and for the benefit of GreenPoint as a matter of law does not amount to a transfer or sublicense of the intellectual property. Under *Geoscan* and *Hogan*, the use by MS "inure[d] to the benefit" of GreenPoint and therefore is not a transfer. *Hogan*, 158 F.3d at 323. Moreover, unlike the circumstances in *S.O.S.* and *Beckman*, the use by MS did not go beyond the scope of the license granted to GreenPoint. Although the contracts cited in these cases do not contain language precisely like that in the Licensing Agreement, the court determines that GreenPoint has not breached the agreement by using a third party to use the intellectual property on behalf of Defendant and in ways that would be permitted if performed by Defendant's own employees.

The only factual matter that the court must therefore address is whether there is a genuine issue of material fact with respect to the use of the intellectual property by MS. If the use was entirely on behalf of and for the benefit of GreenPoint, then there has been no transfer or sublicense, and therefore no breach of the Licensing Agreement as a matter of law. If there is evidence that raises a question whether MS used the intellectual property for any other use, then a fact issue may remain.

While there are many hotly disputed facts in this action, the court determines that there is no genuine issue of material fact with respect to MS's use of the intellectual property. The evidence establishes that MS used the intellectual property only on behalf of GreenPoint. Plaintiffs do not point to or provide any evidence to establish that MS used the intellectual property for loans other

than GreenPoint's. While Plaintiffs do point to the testimony of Bendelin, who stated that MSYB received document preparation fees, there is still no evidence or testimony that disputes Defendant's contention that any access by third parties was done for GreenPoint's loans and on behalf of GreenPoint. Accordingly, the court determines that there is no genuine issue of material fact with respect to MS's use of the intellectual property, that there is no transfer or sublicense, and that there is no breach of the Licensing Agreement; GreenPoint is therefore entitled to judgment as a matter of law on Plaintiffs' breach of contract claim. The court need not reach the parties' other arguments regarding the breach of contract claim. The court therefore **denies** Plaintiffs' motion for summary judgment and **grants** Defendant's motion for summary judgment on Plaintiffs' breach of contract claim. Because the court determines that there is no genuine issue of material fact with respect to Plaintiffs' breach of contract claim, the court **dismisses** this claim **with prejudice**.

**B. Defendant's Counterclaims**

The parties have also filed cross-motions for summary judgment on Defendant's counterclaims. Defendant brings two causes of action in its counterclaim against Compliance Source and Digital Docs: (1) breach of the parties' February 2008 settlement agreement, and (2) violation of Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. Plaintiffs ask the court to grant summary judgment on the Rule 11 claim asserted by Defendant; Defendant has moved for summary judgment on its breach of contract claim.

**1. Rule 11 Claim**

Defendant's Rule 11 claim alleges that Plaintiffs have filed claims that have been dismissed pursuant to a settlement agreement and that the filing of these claims has no other purpose than harassing GreenPoint, causing unnecessary delay, unreasonably multiplying the proceedings, and

needlessly increasing the cost of litigation. It also contends that Plaintiffs have no good faith basis for asserting the claims set forth in paragraphs 58(c)-(f) of the Third Amended Complaint.

Plaintiffs argue that the court should dismiss Defendant's Rule 11 counterclaim because it is procedurally improper and baseless, it failed to provide proper notice through a safe harbor letter, and the claims they are asserting were expressly carved out of the settlement agreement. Plaintiffs also note that the court rejected Defendant's request to dismiss Plaintiffs' Third Amended Complaint.

Defendant responds that this motion is procedurally improper because it is a second summary judgment motion in violation of the local rules, that Plaintiffs have had notice of Defendant's position and have failed to withdraw the claims in their Third Amended Complaint, that the claims could only have been brought for the purpose of harassment, delay, and to increase legal fees, and that Plaintiffs are not entitled to sanctions.

Plaintiffs and Defendant have made procedural mistakes. Plaintiffs' motion violates Local Rule 56.2 because they had already filed a motion for summary judgment. Defendant's counterclaim does not comply with Rule 11(c)(1) because it was not filed as a separate document. *Flores v. School Board of DeSoto Parish*, 116 Fed. App. 504, 512 (5th Cir. 2004). While two wrongs do not make a right, Plaintiffs are correct that Defendant's counterclaim is not a proper cause of action and should have been asserted as a separate motion. Even had Defendant filed a motion for sanctions, the court has addressed a related issue previously and rejected Defendant's narrow reading of the settlement agreement. Defendant has had a chance to respond to Plaintiffs' motion, and therefore it will not prejudice GreenPoint for the court to consider Plaintiffs' motion. Accordingly, the court **grants** Plaintiffs' Motion for Partial Summary Judgment of Greenpoint's

Rule 11 Counterclaim and **dismisses with prejudice** Defendant's second count for violation of Rule 11 and 28 U.S.C. §1927.

### 2. Breach of Contract Claim

Defendant's breach of contract claim asserts that Plaintiffs' sublicensing claim, as pleaded in the Third Amended Complaint, violates the parties' settlement agreement. This argument is similar to the argument made by Defendant in its motion to dismiss the Third Amended Complaint, and GreenPoint argues that several subsections of paragraph 58 attempt to revive claims that were settled by the parties. It contends that it has been damaged because it has had to pay legal fees to defend these frivolous claims and that it is entitled to summary judgment on this claim.

Plaintiffs respond, as they did to the motion to dismiss, that the claims raised in paragraph 58 of the Third Amended Complaint pertain only to their claim that Defendant provided its intellectual property to MSYB without authorization. It also contends that the court has previously held that these claims were expressly preserved by the settlement agreement.

The court did not reach the issue of whether parts of Plaintiffs' Third Amended Complaint were barred by the settlement agreement because such a consideration was improper on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court's reasoning – that Defendant ignores the prefatory language of paragraph 58 and that the definition of "Sublicensing Claim" is broad – is similarly applicable to the motion now before it.

Under the settlement agreement, the parties defined the term "Sublicensing Claim":

> On November 30, 2007, Plaintiffs moved for leave to file a Third Amended Complaint, which GreenPoint opposed in part. That Third Amended Complaint sought to add, among other things, a claim described in new section F entitled "GreenPoint Sublicenses Plaintiffs' IP to Plaintiffs' Competitor in Violation of the Licensing Agreement." Section F included in paragraphs 52-55 allegations that

> GreenPoint had sublicensed the Plaintiffs' intellectual property to [MSYB], a competitor of PeirsonPatterson LLP, in violation of the Licensing Agreement (together with specifically related allegations in paragraphs 84-86, 87(k), and 88 (Count I), Count VI (limited to breach of contract), and associated requests for relief to the extent recoverable at law or at equity in connection with unauthorized sublicensing, the "Sublicensing Claim.")[.]

Def.'s App. in Support of its Mot. for Summ. J. 47. This language, like the language used by the magistrate judge, includes the category of "associated requests for relief to the extent recoverable at law or at equity in connection with authorized sublicensing." Paragraph 58 of the Third Amended Complaint also includes a limitation on its subparagraphs, limiting the relief sought by Plaintiffs to Defendant's alleged violations of "the following prohibitions set forth in the Licensing Agreement *by and through Defendant's provision of Plaintiffs' IP to MS*." Third Amend. Compl. ¶ 58 (emphasis added). Defendant complains that the same language included in paragraph 58 is repeated from claims that were part of the settlement agreement.

The court again believes that Defendant reads the Third Amended Complaint too narrowly and does not take into account the limiting language used by Plaintiffs in paragraph 58. It concludes that Plaintiffs' claims in the Third Amended Complaint do not violate the parties' settlement agreement. Granting summary judgment in favor of Defendant on this claim, therefore, is inappropriate because there has been no breach of the settlement agreement as a matter of law. From what the court can ascertain, it appears that Defendant is attempting to create a cause of action when none exists as a matter of law; therefore, there is no basis for the breach of contract counterclaim asserted by Defendant. Plaintiffs, however, did not move for summary judgment on this claim. The court *sua sponte* moves for summary judgment on Defendant's breach of contract claim. It does not believe that there is any basis for Defendant to recover, and therefore there is no reason to

unnecessarily expend judicial resources trying this claim. As the court raises this issue *sua sponte*, it is required under the applicable law to allow Defendant at least ten days to respond to its motion and present any additional evidence it may have in opposition to summary judgment. *Lozano v Ocwen Fed. Bank, FSB*, 489 F.3d 636, 641 (5th Cir. 2007) (citation omitted). Defendant is therefore **directed** to file a response by **5:00 p.m.** on **June 26, 2009**, and state why summary judgment should not be granted on this claim on behalf of Plaintiffs. Plaintiffs are not to file a reply unless so ordered by the court. The court therefore **suspends** all pretrial deadlines and the current trial setting until it rules upon its *sua sponte* motion for summary judgment.

The court also determines that Defendant's motion for an extension of time to respond to Plaintiffs' motion for leave to file an amended complaint is moot because this order disposes of Plaintiffs' breach of contract claim without reaching Defendant's affirmative defenses. Accordingly, there is no reason for Plaintiffs to amend their complaint, and the court **denies as moot** GreenPoint's Unopposed Motion for Extension of Time to Respond to Plaintiffs' Motion for Leave to File a Fourth Amended Complaint.

## IV. Conclusion

For the reasons stated herein, the court **denies** Plaintiffs' Motion for Partial Summary Judgment; **grants** Plaintiffs' Motion for Partial Summary Judgment of Greenpoint's Rule 11 Counterclaim; **grants in part** and **denies in part**, as herein set forth, Greenpoint Mortgage Funding, Inc.'s Motion for Summary Judgment on Plaintiffs' Claims and for Partial Summary Judgment on Defendant's Counterclaim; and **denies as moot** GreenPoint's Unopposed Motion for Extension of Time to Respond to Plaintiffs' Motion for Leave to File a Fourth Amended Complaint. The court **dismisses with prejudice** Plaintiff's breach of contract claim and Defendant's Rule 11

counterclaim. Defendant **shall file** a response to the court's *sua sponte* motion for summary judgment as herein directed.

**It is so ordered** this 11th day of June, 2009.

Sam A. Lindsay
United States District Judge