IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE COMPLIANCE SOURCE, INC., and DIGITAL DOCS, INC., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:06-CV-1057-L** |
| GREENPOINT MORTGAGE FUNDING, INC., | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

On November 9, 2010, the United States Court of Appeals for the Fifth Circuit issued its mandate in this civil action, remanding the case to this court for further proceedings in accordance with its opinion. The appellate court affirmed the court's grant of summary judgment against Defendant Greenpoint Mortgage Funding, Inc. ("Defendant" or "Greenpoint") on its breach of settlement agreement claim and reversed the court's grant of summary judgment on Plaintiffs the Compliance Source, Inc.("Compliance Source") and Digital Docs, Inc.'s ("Digital Docs") (collectively, "Plaintiffs") claims for breach of a licensing agreement and remanded it for consideration of waiver and statute-of-limitations defenses asserted by Defendant. These defenses were raised by Defendant in its response to Plaintiffs' Motion for Partial Summary Judgment and were also raised by Defendant as a basis for summary judgment in its favor in its Motion for Summary Judgment on Plaintiffs' Claims, filed April 3, 2009. Accordingly, the court considers the parties' arguments regarding the waiver and statute-of-limitations defenses raised by Defendant as briefed in these motions. To the extent that Defendant moved for summary judgment in its favor

**Memorandum Opinion and Order – Page 1**

on these affirmative defenses, the court **denies** Defendant's Motion for Summary Judgment on Plaintiffs' Claims.

I.      **Procedural and Factual History**

Plaintiffs filed their original complaint on June 14, 2006. They brought claims of copyright infringement, misappropriation of trade secrets and confidential information, violation of the Lanham Act/unfair competition, conversion, and breach of contract against Defendant. On July 3, 2006, Plaintiffs amended their complaint, adding claims for common law misappropriation and negligence. They also added additional allegations to their breach of contract claim, detailing alleged breaches of the Software Development and Licensing Agreement between the parties (the "Licensing Agreement").

On July 31, 2006, Greenpoint answered, brought counterclaims against Plaintiffs, and asserted third-party claims against Noe Nava, Josh Sharpe, and John Does 1-5. Greenpoint brought claims of illegal access to electronic communication service/storage in violation of 18 U.S.C. §§ 2701(a)(1) and 2701(a)(2) against Plaintiffs, Nava, Sharpe, and the John Does. Plaintiffs and Defendant amended their pleadings on June 22, 2007. Plaintiffs added additional factual allegations it had learned during discovery. Defendant named additional Third-Party Defendants, Lori Stacy, Rene Flores, and Chris Peirson.

On February 25, 2008, the parties filed their Agreed Stipulation of Dismissal with Prejudice. At the time the notice was filed, Plaintiffs had sought leave to file their Third Amended Complaint. The parties stated that they had reached a settlement and dismissed the following claims:

> [A]ll claims in the [proposed] Third Amended Complaint save and except the claim described in section F thereof entitled "Greenpoint Sublicenses Plaintiffs' IP to Plaintiffs' Competitor in Violation of the Licensing Agreement," more particularly described in paragraphs 52-

> 55 thereof together with the specifically related allegations in paragraphs 84-86, 87(k), and 99 (Count I), Count VI (limited to breach of contract), and the associated requests for relief to the extent recoverable at law or at equity in connection with unauthorized sublicensing (the "Sublicensing Claim").

Agreed Stip. (doc. 178) 2. The magistrate judge granted Plaintiffs leave to amend, and they filed their Third Amended Complaint on June 11, 2008. In this pleading, Plaintiffs assert a claim for breach of contract against Defendant Greenpoint. On July 7, 2008, Greenpoint answered and filed counterclaims for breach of settlement agreement and violation of Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927.

The parties then filed cross-motions for summary judgment. Plaintiffs filed two motions for summary judgment. They moved for summary judgment in their favor on their breach of contract claim and on Greenpoint's Rule 11 Counterclaim against them. Greenpoint moved for summary judgment in its favor on all of Plaintiffs' claims against it and on its counterclaim for breach of the settlement agreement.

With respect to Plaintiffs' breach of contract claim, the court determined that there was no genuine issue of material fact with respect to use of certain intellectual property by third parties and that Defendant was entitled to judgment as a matter of law on this claim. The court therefore denied Plaintiffs' motion for partial summary judgment and granted Defendants' motion for summary judgment on this claim. The court dismissed Plaintiffs' breach of contract claim with prejudice. With respect to Defendant's Rule 11 counterclaim, the court granted Plaintiffs' motion and dismissed the claim with prejudice. Finally, with respect to Defendant's breach of contract claim relating to the parties' settlement agreement, the court determined that Defendant was not entitled to summary judgment on the claim. Because Plaintiffs had not moved for summary judgment on

the claim, however, the court *sua sponte* moved for summary judgment on this claim and ordered additional briefing by the parties. After considering the additional briefing, the court granted its motion for summary judgment and dismissed Defendant's breach of contract claim with prejudice.

Plaintiffs and Defendant both appealed the court's decision. On October 18, 2010, the Fifth Circuit affirmed in part and reversed and remanded in part this court's orders. Plaintiffs appealed the court's dismissal with prejudice of their breach of contract claim. The Fifth Circuit determined that the court erred in granting summary judgment to Defendant on this claim and remanded the case "for consideration of GreenPoint's waiver and statute-of-limitations defenses." Defendant appealed the court's grant of summary judgment on its breach of the settlement agreement claim. The appellate court affirmed this portion of the court's decision. In light of the appellate court's decision, the court now considers Defendant's defenses to Plaintiffs' breach of contract claim.

## II. Legal Standard – Motion for Summary Judgment

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not

make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

**III.    Analysis**

Defendant argues that its affirmative defenses of waiver and statute of limitations also create a basis for summary judgment in its favor on Plaintiffs' breach of contract claim. Plaintiffs contend that genuine issues of material fact exist with respect to both defenses.

**A.    Waiver**

Under Texas law, to find waiver, the following elements must be met: "1) a right must exist at the time of the waiver; 2) the party who is accused of waiver must have constructive or actual knowledge of the right in question; and 3) the party intended to relinquish its right." *Broadcast Satellite Int'l, Inc. v. National Digital Television Ctr.*, 323 F.3d 339, 345 (5th Cir. 2003) (citing *B. Conrad Moore & Assoc., Inc. v. Lerma*, 946 S.W.2d 90, 93 (Tex. App. – El Paso 1997, writ denied)). The parties contest whether these elements have been met in this case.

At the center of this dispute is whether certain third parties used the intellectual property licensed by Plaintiffs to Defendant in the Licensing Agreement. These parties are McGlinchey Stafford and Youngblood & Bendalin ("MSYB"), McGlinchey Stafford PLLC ("MSP"), Ronald Bendalin ("Bendalin") and other agents of MSYB and MSP (collectively, "MS").

Defendant argues that Plaintiffs knew MS was using the licensed software no later than July 7, 2003. It contends that the parties communicated between July 8, 2003, and October 8, 2003, and that Chris Peirson ("Peirson"), on behalf of Plaintiffs, knew of the same claim Plaintiffs are making in this lawsuit and demanded a fee for such use by MS. Defendant points out that Plaintiffs continued receiving payments under the Licensing Agreement after this time.

Plaintiffs respond that waiver is a jury question, that Defendants have cherry-picked the facts presented to the court and omitted evidence regarding the parties' communications regarding MS's

use of the intellectual property, and that Greenpoint cannot establish the three elements of waiver as a matter of law.

The court has carefully reviewed the parties' arguments and the summary judgment record; it concludes that there is a genuine issue of material fact whether the elements of the affirmative defense of waiver have been established by Defendant. This conclusion is consistent with the court's decision to allow Plaintiffs leave to amend to file their Third Amended Complaint.[*]

Plaintiffs and Defendant have presented differing versions of the events of the summer and fall of 2003 relating to Plaintiffs' notice of use of their intellectual property by MS. According to Plaintiffs, Defendant repeatedly reassured them that the attorneys at MS had "View Only Access," to which Plaintiffs did not object as beyond the scope of the Licensing Agreement. To the extent Plaintiffs' witnesses are credible on this ground, a jury could find that there was no waiver because Plaintiffs did not intend to relinquish any rights under the contract. Defendant has presented other evidence, including letters from Plaintiffs' employees and counsel, that could be construed as evidence that Plaintiffs knew about MS's use of the intellectual property but that they did not take any further action until they sought leave to file the Third Amended Complaint in November 2007. The court cannot resolve these credibility questions on a motion for summary judgment, and there are fact issues with respect to whether Plaintiffs waived their rights under the Licensing Agreement. Accordingly, the court determines that there are genuine issues of material fact with respect to this affirmative defense, and Defendant is not entitled to judgment as a matter of law on this defense.

---

[*] "[T]he court finds that Plaintiffs have offered an adequate basis for their failure to amend prior to the court-ordered deadline, i.e., that they did not have a basis to believe that MSYB's access went beyond 'View Only Access' until after the expiration of the deadline to amend pleadings." Order (June 2, 2008) 6.

**Memorandum Opinion and Order – Page 7**

### B. Statute of Limitations

Under Texas law, the statute of limitations for breach of contract claims is four years. Tex. Civ. Prac. & Rem. Code § 16.004(a)(3). Generally, "contract claims . . . accrue when the contract is breached." *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Hoover v. Gregory*, 835 S.W.2d 265, 270 (Tex. App. – Dallas 1992), writ denied) (brackets omitted)). One exception to this general rule is the discovery exception, which is a "very limited exception to statutes of limitations." *Beavers v. Metropolitan Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (quoting *Computer Assocs. Int'l v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996)). This rule "defers accrual of a cause of action if (1) the nature of the injury is inherently undiscoverable and (2) the evidence of injury is objectively verifiable." *Id.* (citing *Altai*, 918 S.W.2d at 456)).

Defendant argues that Plaintiffs' contract claim is barred by the statute of limitations. It contends that MS began using the licensed software on July 6, 2003, and that Plaintiffs knew of the use at that time. It argues that the statute of limitations therefore expired four years later on July 6, 2007. Defendant contends that because Plaintiffs did not attempt to assert this claim until November 30, 2007, the day their motion for leave to file the Third Amended Complaint was filed, it is barred by the statute of limitations. Defendant also argues that the discovery rule does not save Plaintiffs' contract claim and that this claim as asserted in their Third Amended Complaint does not relate back to their original pleading pursuant to Rule 15 of the Federal Rules of Civil Procedure.

In response, Plaintiffs contend that the relation-back doctrine pursuant to Rule 15 applies because their original pleading included allegations of wrongful disclosure of their intellectual property to third parties, that fraudulent concealment and the discovery rule defer the accrual of their contract claim, and that Defendant is equitably estopped from raising a statute-of-limitations defense

because it actively misrepresented facts to Plaintiff through discovery in this case. In the alternative, Plaintiffs argue that the breaches continued and that this claim is only partially barred by the statute of limitations.

### 1. Relation-Back Doctrine

The court first considers the parties' arguments relating to the relation-back doctrine set forth in Rule 15. The rule provides:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P 15(c)(1). Plaintiffs contend that section (c)(1)(B) applies because the facts underlying its breach of contract claim arose from the "conduct, transaction, or occurrence" set forth in their original complaint.

Plaintiffs argue that their original pleading, filed June 14, 2006, includes allegations relating to Defendant's disclosure of their intellectual property to third parties. They contend that its

sublicensing claim in the Third Amended Complaint is based on the same underlying facts as its original claims, that it relies upon the same kind of evidence as the original pleading, and that the relation-back doctrine applies even when a party perfects or adds additional facts.

Defendant argues that the court should make a literal comparison of the original and amended pleadings and determine if the same facts underlie the two pleadings. It points out that in this case Plaintiffs have not only added more facts underlying their claim but that they have also subtracted almost all of the facts relating to their original claims. It notes that nothing in Plaintiffs' earlier claims distinguished between "view-only access" and "document-preparation access," a distinction pleaded in the Third Amended Complaint. Defendant argues that notice is the critical element under Rule 15 and that it did not have notice of the sublicensing claim.

The court determines that Plaintiffs' breach of contract claim in the Third Amended Complaint relates back to its original complaint, filed June 14, 2006, and therefore it is not barred by the statute of limitations. This circuit has "stressed the importance of a liberal application of Rule 15(c)." *Federal Deposit. Ins. Corp. v. Bennett*, 898 F.2d 477, 480 (5th Cir. 1990). Later claims have been found to relate back to earlier-filed claims even when the legal theory has changed but the factual situation remains the same. *Id*. Finally, this circuit has found relation back even where certain allegations are dropped: "While there may be an allegation of conduct in the first complaint that is dropped in the second complaint, the transaction or occurrence upon which the complaint is based is identical in both the original complaint and the amended complaint." *Id*. at 479.

The court has carefully reviewed and compared the original complaint and the Third Amended Complaint. Defendant is correct that many allegations have been removed and that many

more have been added. It is clear, however, that Plaintiffs have alleged unlicensed access to their intellectual property by third parties since June 2006:

- "[U]pon information and belief, GreenPoint has made Plaintiffs' proprietary and confidential information available to third parties who are direct competitors of Plaintiffs." Orig. Compl. ¶ 34.

- "Upon information and belief, GreenPoint is using and disclosing Plaintiffs' confidential and proprietary information and trade secrets without their permission to third parties who have unfairly competed, and who can continue to unfairly compete, against them." *Id.* ¶ 41.

- "GreenPoint supplied to Plaintiffs' direct competitors Plaintiffs' confidential and proprietary information that took years and tremendous financial resources for Plaintiffs to develop." *Id.* ¶ 50.

- "Upon information and belief, GreenPoint breached the parties' contract by, among other things, wrongfully utilizing Plaintiffs' copyrighted forms and software and other confidential and proprietary information after it terminated the parties' agreement, and gave its new vendor access to Plaintiffs' confidential and proprietary information in violation of the Software Development and Licensing Agreement." *Id.* ¶ 53.

In light of these allegations, the court finds that the Third Amended Complaint does relate back to the original complaint, filed June 14, 2006, and therefore Plaintiffs' breach of contract claim is timely. Defendant is therefore not entitled to judgment as a matter of law on its affirmative defense of statute of limitations.

### 2. Discovery Exception

In the alternative, the court determines that there is a genuine issue of material fact with respect to whether there is a legal basis to find that the accrual of this claim was deferred by Defendant's conduct. Plaintiffs argue that the accrual of a claim is deferred where there is

fraudulent concealment or where the injury is inherently undiscoverable and the injury is objectively verifiable. It argues both that there is a genuine issue of material fact whether Defendants fraudulently concealed the breach and whether the discovery rule applies. Defendant contends that the discovery rule does not apply and that Plaintiffs cannot rely on fraudulent concealment because they did not plead it.

Plaintiffs contend that Defendant's concealment of the use of their intellectual property defers the accrual of their contract claim. They rely upon *Altai*, in which the Texas Supreme Court held:

> Similar to the discovery rule exception, where fraud is alleged, we have granted the claimant the benefit of deferring the cause of action until the claimant discovered or should have discovered the fraud. We have also permitted claimants to receive the benefit of deferring the accrual of a cause of action in cases where the facts forming the basis of the injury were concealed. In short, we have said fraud vitiates whatever it touches, and limitations begin to run from the time the fraud is discovered or could have been discovered by the defrauded party by exercise of reasonable diligence.

918 S.W.2d at 455-56 (internal citations, quotations, brackets, and ellipsis omitted). "To prove fraudulent concealment, a plaintiff must demonstrate the defendant had actual knowledge that a wrong occurred, a duty to disclose the wrong, and a fixed purpose to conceal the wrong." *McMahan v. Greenwood*, 108 S.W.3d 467, 493 (Tex. App. – Houston [14th Dist.] 2003, pet. denied).

In reply, Defendant argues that fraudulent concealment is an affirmative defense that must be pleaded. It contends that Plaintiffs have failed to set forth facts of fraudulent concealment with particularity and that they have failed to show the elements for such a defense. Specifically, Defendant argues that Plaintiffs knew or should have known about MS's access to their intellectual

property and that it did not have any duty to disclose information about MS's access. It also argues that the discovery rule does not apply to contract claims.

The court determines that there is a genuine issue of material fact with respect to Plaintiffs' arguments regarding fraudulent concealment. The court considers first Defendant's argument about pleading fraudulent concealment. First, though Plaintiffs do not specifically have a section titled "fraudulent concealment" in their Third Amended Complaint, there are allegations about the wrongful concealment of third-party use of their intellectual property in the Complaint:

- "GreenPoint quickly violated the [licensing] agreement by secretly sub-licensing such intellectual property to a third party, [MS]." Third Amend. Compl. ¶ 7.

- "To Plaintiffs, GreenPoint appeared to be producing all of its own document packages with Plaintiffs' IP throughout the term of the Licensing Agreement. . . . GreenPoint indicated that [MS], a Texas law firm, was reviewing GreenPoint's published document packages in Texas. However, GreenPoint assured Plaintiffs that such review was restricted to 'read-only' access to the output of Plaintiffs' system – not full operational system access for independent production of packages. At all points in time, GreenPoint acted as though it was the only entity that had full operational system access to Plaintiffs' system." *Id.* ¶ 44.

- "GreenPoint and MS concealed this unauthorized sub-licensing of Plaintiffs' IP for many years." *Id.* ¶ 45.

- "GreenPoint secretly provided MS with access to Plaintiffs' automated document delivery system . . . ." *Id.* ¶ 46.

- "Plaintiffs first learned the true nature of the unauthorized use of Plaintiffs' system by MS on November 14, 2007, when Bendalin testified under oath that MS had computer access to the automated document delivery system comprised of Plaintiffs' IP at MS facilities." *Id.* ¶ 47.

The court therefore determines that even if Plaintiffs were required to affirmatively plead this defense, these allegations put Defendant on notice of their contention and satisfy that requirement.

Second, the court determines that there is a genuine issue of material fact as to the elements of fraudulent concealment. As discussed above, the parties' versions of events are different, and the questions of what Plaintiffs knew about third-party use of the intellectual property and whether Defendant concealed any such alleged use must be resolved by a jury. Texas courts have found that a duty may exist between parties to a contract. In *Via Net v. TIG Insurance Co.*, the Texas Supreme Court noted that fraudulent concealment could apply in some circumstances where one contracting party withheld information:

> Contracting parties are generally not fiduciaries. Thus, due diligence requires that each protect its own interests. Due diligence may include asking a contract partner for information needed to verify contractual performance. If a contracting party responds to such a request with false information, accrual may be delayed for fraudulent concealment.

211 S.W.3d 310, 314 (Tex. 2006). Thus there is a fact question whether Defendant breached a duty to inform Plaintiffs of any alleged use by third parties. Finally, these fact questions also extend to whether Defendant purposefully concealed the alleged third-party use of the intellectual property.

For similar reasons, the court also finds that fact issues remain with respect to Plaintiffs' invocation of the discovery rule. The Texas Supreme Court has held that this defense to limitations should rarely be invoked in contract cases, but it did not foreclose the possibility entirely:

> We do not hold today that the discovery rule can never apply to breach of contract claims. . . . Some contract breaches may be inherently undiscoverable and objectively verifiable. But those cases should be rare, as diligent contracting parties should generally discovery any breach during the relatively long four-year limitations period provided for such claims.

*Via Net*, 211 S.W.3d at 314-15 (citations omitted). This case, in which Plaintiffs allege active concealment and misinformation by Defendant, may be such a rare case; however, it cannot be determined until the fact issues are decided by a jury. For these reasons, the court determines that summary judgment on behalf of Defendant for its statute-of-limitations defense is unwarranted. The court does not reach the parties' additional arguments regarding the affirmative defense of statute of limitations.

## IV. Conclusion

For the foregoing reasons, the court determines that Defendant is not entitled to summary judgment on its affirmative defenses of waiver and statute of limitations. The court therefore **denies** Defendant's Motion for Summary Judgment on Plaintiffs' Claims to the extent it sought summary judgment based on these affirmative defenses.

Now that the court has ruled as instructed by the Fifth Circuit, it appears that this matter is ready to proceed to trial. The court **directs** the parties to confer and advise it no later than **December 15, 2010**, of their availability for trial and any conflicts during the months of March, April, and May 2011. The parties are also **directed** to advise the court whether mediation is appropriate in this case.

**It is so ordered** this 8th day of December, 2010.

                                                  Sam A. Lindsay
                                                  United States District Judge